IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT OVUORYE EMOJEVWE      ) | |
| ) | |
| Movant,      ) | |
| ) | |
| v.      ) | Civil Action No. 1:10cv317-TMH |
| ) | (WO) |
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Respondent.      ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In 1998, Emojevwe was indicted on two counts of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a).  He pled guilty to both counts and on January 19, 1999, was sentenced to a three year term of probation, a fine of $500.00 and a special assessment of $200.00.  He did not appeal.

Emojevwe filed this 28 U.S.C. § 2255 motion to vacate on April 12, 2010.  The government answered that the motion is time barred.  Title 28 United States Code § 2255(f) specifies that a one-year limitation period for filing § 2255 motions begins from the latest date of

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>       (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of due diligence.

Obviously, Emojevwe's claims were filed more than one year after his conviction became final.  However, he contends that his motion is timely because it is based on the Supreme Court's decision in *Padilla v.. Kentucky*, 559 U.S. ——, 130 S.Ct. 1473 (2010).  Thus, it appears that Emojevwe seeks to take advantage of § 2255(f)(3) set out above.  His contention lacks merit.  In *Figuereo–Sanchez v. United States*, 678 F.3d 1203 (11th Cir.2012), the Eleventh Circuit held that the Supreme Court decision in *Padilla* is not retroactively applicable to cases on collateral review.  For this reason, Emojevwe is not entitled to relief.

Moreover, even if Emojevwe's claim was not time barred, he still would not be entitled to relief.  As previously noted he was sentenced in 1999 to a term of probation which expired long ago.  Under § 2255, a prisoner must be "in custody" in order to seek relief.  Plainly, Emojevwe is not in custody for the purposes of this § 2255 action.[1]

Accordingly, it is the recommendation of the Magistrate Judge that Emojevwe's motion to vacate filed pursuant to 28 U.S.C. § 2255 be denied.

---

[1] It is true that a "writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir.2002) (per curiam). The extraordinary remedy is "available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir.2000).  Emojewe pled guilty and was sentenced long before the *Padilla* decision, and his counsel cannot be faulted for failing to predict what the Supreme Court would decide.  *See e.g., Davis v. Singletary,* 119 F.3d 1471, 1476 (11th Cir.1997) ("[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony.").  Emojevwe's claims do not present the necessary compelling circumstances.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 26, 2012**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 8th day of November, 2012.


      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE